UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOUS D. NETTLES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RAUL LOPEZ,<br><br>　　　　　Respondent. | Case No.: 1:11-cv-01201 AWI JLT<br><br>ORDER TO PETITIONER TO NOTIFY THE COURT WHETHER HE WISHES HIS HABEAS PETITION TO BE RECHARACTERIZED AS AN ACTION BROUGHT UNDER 42 U.S.C. § 1983<br><br>**45-DAY DEADLINE** |

On July 26, 2016, the Ninth Circuit Court of Appeals agreed with this Court that this action cannot proceed as a petition for writ of habeas corpus because success of the merits would not necessarily impact the length of the petitioner's sentence. (Doc. 53) However, the Court reversed the judgment and remanded the matter to allow the matter to be recharacterized as a § 1983 action, if after advisal of the risks and benefits, the petitioner wished to proceed in this manner. Id. On August 18, 2016, the Ninth Circuit issued its mandate, which returned jurisdiction to this Court. (Doc. 54)

Thus, the petitioner is advised that if he chooses to have this matter recharacterized as an action brought under 42 U.S.C. § 1983, there are certain difficulties he may encounter: First, he will be required to amend the petition to name the proper defendants to the action and to state only those facts that he believes may give rise to liability under the United States Constitution or federal law. Second, he will be bound by the prior factual determinations made on the issues raised in the petition. This means that if the trial court, the court of appeal or the California Supreme Court made factual

findings that are contrary to his pleading, he will not be allowed to avoid those determinations in this action.  Third, if he is unable to state a non-frivolous claim, this action will be dismissed and he will suffer a "strike" as that term is defined under the Prison Litigation Reform Act.  If the petitioner suffers three such strikes, in most circumstances, he will not be permitted to proceed in forma pauperis in future actions.  Fourth, because he may seek to have his disciplinary hearing declared invalid, depending upon the relief he seeks, proceeding in this fashion may be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 478-479 (1994).  Fifth, petitioner should be aware that due to the length of time since the events which give rise to his petition occurred—more than eight years ago—he may have great difficulty in locating defendants for purposes of services of the summons and complaint and securing witnesses who may provide supporting testimony.  Finally, a section 1983 action <u>cannot result either in the shortening of his sentence or his release from prison</u>.  On the other hand, should he choose not to have the matter recharacterized, the statute of limitations may prevent him from challenging the disciplinary hearing determination in another action.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

<u>**Within 45 days**</u>, the petitioner **SHALL** notify the Court in writing that he understands the nature and consequences of having the matter recharacterized as a § 1983 action and whether he wishes the matter to be characterized.

IT IS SO ORDERED.

Dated:   **August 22, 2016**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE