UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOUS D. NETTLES,<br><br>            Petitioner,<br><br>    v.<br><br>RAUL LOPEZ,<br><br>            Respondent. | No.  1:11-cv-1201-AWI-JLT (HC)<br><br>ORDER GRANTING REQUEST TO RECHARACTERIZE THIS ACTION AS A "PC" CASE (Doc. 62)<br><br>ORDER GRANTING REQUEST FOR COUNSEL TO WITHDRAW (Doc. 63)<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

On August 22, 2016, the Court issued an order directing petitioner Damous D. Nettles to notify the Court whether he wished his habeas petition to be recharacterized as an action brought under 42 U.S.C. § 1983, pursuant to the Ninth Circuit's 6-5 en banc decision in this case. (Doc. No. 55.)

On February 13, 2017, counsel for Mr. Nettles notified the Court that he wished to have the matter recharacterized.  (Doc. 62)  Thus, the Court **DIRECTS** the Clerk of the Court to recharacterize this case as a "PC" case.  Once recharacterized, the Court will screen the pleading to determine whether it states any cognizable claims.

In addition, appointed counsel for petitioner on appeal seeks to withdraw from Mr. Nettles' representation.  (Doc. 62) He notes that the Criminal Justice Act does not authorize counsel for § 1983 cases and he lacks experience or knowledge of practice in this area.  Id.  Thus,

1

the request is **GRANTED** and Mr. John Balazs is relieved as Mr. Nettles' counsel in the § 1983 proceeding.

Finally, Mr. Nettles seeks appointment of pro bono counsel. (Doc. 62) Plaintiff does not have a constitutional right to appointed counsel in the recharacterized action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether an exceptional circumstance exists, the court must evaluate both "the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525 (internal quotation marks and citations omitted).

In this case, the court does not find the required exceptional circumstances. First, the Court has not yet determined whether Mr. Nettles has or can state any cognizable claims when considering all of the issues the Court raised in its order regarding recharacterization (Doc. 55) Thus, the court cannot now make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Rand, 113 F.3d at 1525. Second, even if the Court assumes that plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases daily. Therefore, the request for appointment of counsel is **DENIED**.

IT IS SO ORDERED.

   Dated:   **February 14, 2017**                     **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE