# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOUS D. NETTLES,<br><br>    Plaintiff,<br><br>    v.<br><br>LOPEZ,<br><br>    Defendant. | Case No. 1:11-cv-01201-AWI-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 67, 70)**<br><br>**21-DAY DEADLINE** |

    Plaintiff filed this action as a petition for *writ of habeas corpus* under 28 U.S.C. § 2254. (Doc. 1.) The Court granted the respondent's motion to dismiss and Plaintiff appealed. On July 26, 2016, the Ninth Circuit Court of Appeals agreed with this Court that this action cannot proceed as a petition for *writ of habeas corpus* because success of the merits would not necessarily impact the length of the petitioner's sentence. (Doc. 53.) However, the Court reversed the judgment and remanded the matter to allow it to be re-characterized as an action under 42. U.S.C. § 1983, if after advice of the risks and benefits, Plaintiff wished to proceed in that manner. (*Id*.)

    The Court provided Plaintiff this advice and he chose to have the action re-characterized under § 1983. (Docs. 55, 62, 64.) On May 5, 2017, the Court issued an order dismissing the action with leave to amend which provided the pleading requirements and legal standards that appeared most applicable based on the factual allegations gleaned from Plaintiff's petition under § 2254. (Doc. 67.) Plaintiff requested an extension of time to file an amended complaint and was

granted 30 days.  (Docs. 68, 69, 70.)  More than 30 days have passed and Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** of the date of service of this order why the action should not be dismissed for both his failure to state a claim under § 1983 and to comply with the Court's order; alternatively, within that same time, Plaintiff may file an amended complaint, or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **July 21, 2017**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE