# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOUS D. NETTLES,<br><br>    Plaintiff,<br><br>    v.<br><br>LOPEZ,<br><br>    Defendant. | Case No. 1:11-cv-01201-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 67, 70, 72)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action as a petition for *writ of habeas corpus* under 28 U.S.C. § 2254. (Doc. 1.) The Court granted the respondent's motion to dismiss and Plaintiff appealed. On July 26, 2016, the Ninth Circuit Court of Appeals agreed with this Court that this action cannot proceed as a petition for *writ of habeas corpus* because success of the merits would not necessarily impact the length of the petitioner's sentence. (Doc. 53.) However, the Court reversed the judgment and remanded the matter to allow it to be re-characterized as an action under 42. U.S.C. § 1983, if after advice of the risks and benefits, Plaintiff wished to proceed in that manner. (*Id*.)

The Court provided Plaintiff this information and he chose to have the action re-characterized under § 1983. (Docs. 55, 62, 64.) On May 5, 2017, the Court issued an order dismissing the action with leave to amend which provided the pleading requirements and legal standards that appeared most applicable based on the factual allegations gleaned from Plaintiff's petition under § 2254. (Doc. 67.) Plaintiff requested and received a 30 day extension of time to

file an amended complaint. (Docs. 68, 69, 70.) More than 30 days passed without Plaintiff filing an amended complaint or other response to the Court's Order. Thus, on July 21, 2017, the Court ordered Plaintiff to show cause within 21 days why this action should not be dismissed for his failure to comply with the Court's order or to file an amended complaint or notice of voluntary dismissal within that same deadline. (Doc. 72.) More than a month has passed without Plaintiff filing any response to the order to show cause.

As stated in the order to show cause, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Based on Plaintiff's failure to comply with or otherwise respond to the OSC, there is no alternative but to dismiss the action.

Accordingly, the Court **RECOMMENDS** that this action be dismissed, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute this action, 42 U.S.C. § 1997e (a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2017**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE