# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMOUS D. NETTLES,<br><br>    Plaintiff,<br><br>    v.<br><br>LOPEZ,<br><br>    Defendant. | Case No. 1:11-cv-01201-AWI-JLT (PC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS**<br><br>**(Docs. 67, 70, 72, 73)** |

Plaintiff filed this action as a petition for *writ of habeas corpus* under 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court initially granted the respondent's motion to dismiss and Plaintiff appealed. On July 26, 2016, the Ninth Circuit Court of Appeals agreed with this Court that this action cannot proceed as a petition for *writ of habeas corpus* because success of the merits would not necessarily impact the length of the petitioner's sentence. (Doc. 53.) However, the Court reversed the judgment and remanded the matter to allow it to be re-characterized as an action under 42. U.S.C. § 1983, if after advice of the risks and benefits, Plaintiff wished to proceed in that manner. (*Id.*)

Plaintiff was provided the requisite information and chose to have the action re-characterized under § 1983. (Docs. 55, 62, 64.) On May 5, 2017, the Court issued an order dismissing the action with leave to amend which provided the pleading requirements and legal standards that appeared most applicable based on the factual allegations gleaned from Plaintiff's petition under § 2254. (Doc. 67.) Plaintiff requested and received a 30-day extension of time to

file an amended complaint. (Docs. 68, 69, 70.) More than 30 days passed without Plaintiff filing an amended complaint or other response to the Court's Order. Consequently, on July 21, 2017, an order issued for Plaintiff to show cause within 21 days why this action should not be dismissed for his failure to comply with the Court's order; alternatively, Plaintiff was allowed to file an amended complaint or notice of voluntary dismissal within that same deadline. (Doc. 72.) More than a month lapsed without Plaintiff filing any response to the order to show cause. Hence, on August 30, 2017, the Magistrate Judge issued Findings and Recommendation to dismiss this action with prejudice for Plaintiff's failure to comply with the Court's order. (Doc. 73.) Despite passage of more than twice the time allowed to file objections, Plaintiff has filed none.

As stated in the order to show cause and the Findings and Recommendation, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Despite extended opportunity and multiple warnings, Plaintiff has still not filed a response to the Screening Order -- which issued over five months ago. The Court is left with no alternative other than dismissal.

/ / /

/ / /

/ / /

2

Accordingly, IT IS HEREBY ORDERED that this case is DISMISSED, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute.

The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: October 25, 2017

_____
SENIOR DISTRICT JUDGE